UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAN McCALL,                                        *

       Plaintiff,                              *

   v.                                              *       Civil Action No._____

NATIONAL SECURITY AGENCY and        *
DEPARTMENT OF HOMELAND SECURITY
                                                          *

       Defendants.                            *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**COMPLAINT FOR DECLARATORY RELIEF**

    1.    This is an action for a judgment rejecting claims made in cease and desist letters that two government agencies sent to an online vendor of T-shirts, mugs and similar merchandise.

        (a) Contrary to the agencies' claims, images created by a parodist to comment on the agencies by juxtaposing their names and official seals, or altered versions of their seals, with humorous and satirical words and images, do not violate federal statutes barring use of the agencies' names and seals, as those statutes are construed to avoid conflict with the First Amendment.

        (b) If the statutes are not construed narrowly to permit such use of the agencies' names and seals, application of those statutes to bar the speech violates the First Amendment.

    2.    The Court has jurisdiction over this action under 28 U.S.C. § 1331. The Court has venue over this action under 28 U.S.C. § 1391(e).

**PARTIES**

    3.    Plaintiff Dan McCall is a resident of Minnesota who operates the web site LibertyManiacs.com.

    4.    Defendant National Security Agency ("NSA") is an agency of the United States that is headquartered in Maryland.

5.      Defendant Department of Homeland Security ("DHS") is an agency of the United States that has facilities and conducts substantial activities in Maryland.

## FACTS

6.      At his web site LibertyManiacs.com, McCall promotes T-shirts, mugs, posters, and other products that display messages and images communicating his point of view. Many of the images and messages use parody and other forms of humor to express his viewpoint.

7.      McCall does not make his own products or imprint his messages on products. Instead, he has arranged with Zazzle.com, a California company that imprints images provided by its customers on physical products and sells them online, to have his images printed on articles of clothing such as T-shirts and hats, on bumperstickers, and on other items, and to sell those items online to customers who select his images, and the products on which the images are to be printed, from a "virtual storefront" on the Zazzle web site. McCall redirects traffic from his Liberty Maniacs.com web site to servers maintained by Zazzle so that people wishing to express their own opinions by purchasing and displaying these items may easily do so. McCall's virtual storefront is also directly accessible to the potential buyers at http://www.zazzle.com/libertymaniacs.

8.      McCall created a design to be imprinted on products by Zazzle. The design juxtaposed an image of NSA's official seal with the words "Spying On You Since 1952" ("NSA Spying Parody"). The NSA Spying Parody is shown below as imprinted on a ceramic mug:

  

9.      McCall also created a design to be imprinted on products by Zazzle. The design juxtaposed an image of an altered version of the official NSA seal with the words, "The NSA: The only part of government that actually listens" ("NSA Listens Parody") The NSA Listens Parody is shown below:



10.     McCall also created a design to be imprinted on products by Zazzle. The design juxtaposed an image of an altered version of the official seal of DHS with the words "Department of Homeland Stupidity" ("DHS Stupidity Parody"), as follows:



11. Products featuring the NSA Spying Parody and the DHS Stupidity Parody were available on McCall's Zazzle virtual storefront beginning in May 2008 and August 2011, respectively. Products featuring the NSA Listens Parody were available on McCall's Zazzle virtual storefront beginning in June 2013.

12. On March 15, 2011, NSA sent a letter to Zazzle, warning that several different images offered by several different Zazzle vendors, including the NSA Spying Parody, violated a provision of Public Law 86-36, 50 U.S.C. § 3613, that prohibits "use [of] the words 'National Security Agency,' the initials, 'NSA,' the seal of the National Security Agency, or any colorable imitation of such words, . . . in connection with any merchandise, impersonation, solicitation, or commercial activity **in a manner reasonably calculated to convey the impression that such use is approved, endorsed, or authorized by the National Security Agency**" (emphasis added), without the permission of NSA. NSA pointed out that, under Zazzle's terms of service, vendors are not permitted to offer any item that "potentially infringes any intellectual or proprietary rights of any party." NSA demanded a response within ten business days and threatened to take "appropriate legal action" if Zazzle failed to respond.

13. On August 11, 2011, DHS sent an email to Zazzle, stating that various items of merchandise offered by several different Zazzle vendors, including the Homeland Stupidity Parody, contained images of the DHS seal and so were in violation of "Title 18, sections 506, 701, and 1017." The email warned that "any violations of those sections are punishable by fines and/or imprisonment." Section 506 makes it a crime to "(1) falsely make[], forge[], counterfeit[], mutilate[], or alter[] the seal of any department or agency of the United States, or any facsimile thereof." Section 701 makes it a crime to "manufacture[], sell[], or possess[] any badge, identification card, or other insignia, of the design prescribed by the head of any department or

agency of the United States for use by any officer or employee thereof, or any colorable imitation thereof." Section 1017 makes it a crime to "fraudulently or wrongfully affix[] or impress[] the seal of any department or agency of the United States, to or upon any certificate, instrument, commission, document, or paper or with knowledge of its fraudulent character, with wrongful or fraudulent intent, use[], buy[], procure[], sell[], or transfer[] to another any such certificate, instrument, commission, document, or paper . . . ." DHS demanded that Zazzle "remove [the seal] from your web site and discontinue offering products branded with the DHS seal and those of its components," threatening that if Zazzle did not comply, it could face an investigation by the United States Department of Justice.

14. In response to the threatening communications from NSA and DHS raising intellectual property claims, Zazzle removed the NSA Spying Parody, the NSA Listens Parody, and the Homeland Stupidity Parody from McCall's Zazzle store.

15. McCall's use of images of the NSA and DHS seals, whether unaltered but in combination with critical text, or altered in parodic form, did not create any likelihood of confusion about the source or sponsorship of the materials on which they were available to be printed. No reasonable viewer is likely to believe that any of the materials is affiliated with or sponsored by defendants. Nor were the seals affixed to the items to be sold with any fraudulent intent.

16. McCall has made fair use of the NSA and DHS seals to identify federal government agencies as the subject of criticism.

17. The First Amendment protects McCall's use of the NSA and DHS seals to identify truthfully the agencies that he is criticizing.

18. McCall's use of the NSA and DHS seals does not violate 50 U.S.C. § 3613 or 18 U.S.C. §§ 506, 701, and 1017, as properly construed in light of the First Amendment.

19.  As applied by DHS in seeking to suppress the DHS Stupidity Parody, 18 U.S.C. §§ 506(a)(1) and (2), which forbid any person to "mutilate[] or alter[] the seal of any department or agency of the United States," is unconstitutionally overbroad, in violation of the First Amendment.

20.  There is an actual controversy between McCall and NSA about whether the NSA can, pursuant to 50 U.S.C. § 3613 and consistent with the First Amendment, prohibit McCall from selling mugs, T-shirts and other materials that display the NSA Spying Parody and NSA Listens Parody, containing images of the NSA seal either in its original form or as altered parodically, to identify NSA as a subject of criticism.

21.  There is an actual controversy between McCall and DHS about whether DHS may, pursuant to 18 U.S.C. §§ 506, 701, and 1017 and consistent with the First Amendment, prohibit McCall from selling mugs, T-shirts and other material that display DHS Stupidity Parody, including an image of an altered version of the DHS seal that makes fun of DHS, as a way of expressing criticism of DHS.

## CLAIMS

22.  Defendants violated the First Amendment to the United States Constitution by threatening to enforce 50 U.S.C. § 3613 and 18 U.S.C. §§ 506, 701, and 1017 to forbid McCall from displaying his NSA Listens Parody, his NSA Spying Parody, and his DHS Stupidity Parody, from placing the Parodies on products to identify the targets of his criticism, or from selling mugs, T-shirts or other items bearing those designs to customers who want to display the items to express their own criticisms of NSA and DHS.

23.  The threatened enforcement of 18 U.S.C. §§ 506, 701, and 1017 to forbid McCall from displaying his designs using altered versions of the DHS seal to identify the target of his criticism, or from placing that seal on products to be sold, is not in accordance with law, and is

contrary to McCall's constitutional rights under the First Amendment.

24. The threatened enforcement of 50 U.S.C.A. § 3613 to forbid McCall from displaying his NSA Listens Parody and his NSA Spying Parody, from placing the Parodies on products to identify the targets of his criticism, or from selling mugs, T-shirts or other items bearing those designs to customers who want to display the items to express their own criticisms of NSA and DHS, was not in accordance with law, and was contrary to McCall's constitutional rights under the First Amendment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays the Court to

A. Declare that McCall's NSA Listens Parody and his NSA Spying Parody, using images of the NSA seal, do not violate 50 U.S.C. § 3613, and that McCall's DHS Stupidity Parody, using an image of an altered version of the DHS seal, does not violate 18 U.S.C. §§ 506, 701, and 1017;

B. Declare that McCall's NSA Listens Parody, his NSA Spying Parody, and his DHS Stupidity Parody, using the NSA and DHS seals, are protected by the First Amendment to the United States Constitution;

C. Declare that 50 U.S.C.A. § 3613 and 18 U.S.C. §§ 506, 701, and 1017 may not be enforced to forbid McCall from displaying his NSA Listens Parody, his NSA Spying Parody, and his DHS Stupidity Parody, or from selling mugs, T-shirts or other items bearing those designs using the NSA and DHS seals;

D. Declare that 8 U.S.C. §§ 506(a)(1) and (2) are unconstitutionally overbroad, in violation of the First Amendment, insofar as they prohibit any person to "mutilate[] or alter[] the seal of any department or agency of the United States"; and

E. Granting such other relief as the Court deems just and proper.

        Respectfully submitted,

        __/s/ Paul Alan Levy_____
        Paul Alan Levy (pro hac vice sought)
        Scott L. Nelson (pro hac vice sought)

        Public Citizen Litigation Group
        1600 20th Street NW
        Washington, D.C. 20009
        Tel:  (202) 588-1000
        Fax:  (202) 588-7795
        plevy@citizen.org


        _____/s/ Ezra S. Gollogly_____
        Ezra S. Gollogly (Fed. Bar No. 28088)

        Kramon & Graham, P.A.
        One South Street, Suite 2600
        Baltimore, Maryland 21202
        Tel: (410) 752-6030
        Fax: (410) 539-1269
        E-Mail:  egollogly@kg-law.com

        Attorneys for Plaintiffs

October 29, 2013