IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAN MCCALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. PWG-13-3203 |
| | ) |
| NATIONAL SECURITY AGENCY, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (hereinafter referred to as "Agreement") is made and entered into by and between Dan McCall ("Plaintiff"), and the National Security Agency ("NSA") and the U.S. Department of Homeland Security ("DHS") (collectively, "Defendants").

WITNESSETH

WHEREAS, Plaintiff is a designer who creates parodies of the official seals of NSA and DHS for use on T-shirts, mugs and similar merchandise that were offered for sale on a website owned and hosted by Zazzle, Inc. ("Zazzle"); and

WHEREAS, on or about March 15, 2011, Zazzle received from NSA a letter indicating that several different images offered by Zazzle, including those created by the Plaintiff, were in violation of federal law ("the NSA Letter"); and

WHEREAS, on or about on August 11, 2011, Zazzle received from DHS an email indicating that several different images offered by Zazzle, including those created by the Plaintiff, were in violation of federal law ("the DHS Letter"); and

WHEREAS, the Plaintiff filed a Complaint against the NSA and DHS regarding the NSA Letter and the DHS Letter in the United States District Court for the District of Maryland, Case No. PWG-13-3203 ("the Complaint"); and

WHEREAS, Plaintiff and the Defendant now desire to settle fully and finally all differences between them including, but not limited to, those differences embodied in the aforementioned Complaint;

NOW, THEREFORE, in consideration of the premises and mutual promises herein contained, IT IS AGREED AS FOLLOWS:

FIRST: Plaintiff agrees and acknowledges that this Agreement is the result of a compromise and shall never at any time for any purpose be construed as an admission by the United States, the NSA, DHS, or any other agency of the United States of any liability or responsibility to Plaintiff or any other person. The United States, NSA, and DHS specifically disclaim any liability or responsibility to Plaintiff or any other person, on the part of themselves, their employees or their agents.

SECOND: Plaintiff agrees that he will file a notice of voluntary dismissal to dismiss the Complaint with prejudice no later than March 1, 2014, unless the Court enters an order of dismissal pursuant to D. Md. L.R. 111 prior to such date. If the Court does enter an order of dismissal prior to the Plaintiff filing a voluntary dismissal, Plaintiff agrees that neither he nor any of his heirs, agents, or representatives, including his attorneys, shall at any point take any steps to reopen the case, unless there is a breach of Paragraph 3 of this Agreement.

THIRD: Within seven days of the parties' execution of this Agreement or within seven days after the matter has been dismissed as provided for in Paragraph 2 of this Agreement, whichever is later, NSA will formally issue to both Zazzle and Plaintiff the letter attached hereto as

Attachment 1 to this Agreement. Additionally, within seven days of the parties' execution of this Agreement or within seven days after the matter has been dismissed as provided for in Paragraph 2 of this Agreement, whichever is later, DHS will formally issue to both Zazzle and Plaintiff the letter attached hereto as Attachment 2 to this Agreement. Additionally, within seven days of the parties' execution of this Agreement or within seven days after the matter has been dismissed as provided for in Paragraph 2 of this Agreement, whichever is later, counsel for the Defendants will forward to counsel for Plaintiff copies of the cease and desist correspondence that was sent to Zazzle and that is referenced in the complaint. Defendants may make minimal redactions to these copies to protect the privacy of their personnel.

FOURTH: Within 30 days of the parties' execution of this Agreement or within 30 days after the matter has been dismissed as provided for in Paragraph 2 of this Agreement, whichever is later, counsel for the United States will request from the United States Treasury Judgment Fund one check in the gross amount of Five Hundred Dollars ($500), made payable to "Dan McCall." The parties agree that this payment is for the court costs incurred by the Plaintiff in filing the Complaint and in securing pro hac vice admission of his lead counsel. Except with regard to the aforementioned payment of court costs, it is otherwise agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid by the Plaintiff and not by the Defendants or any other agency of the United States.

FIFTH: Plaintiff represents that he has not filed any other complaints or charges against the United States, NSA, or DHS, or any of their agents or employees, in connection with the aforementioned incident(s) identified in the Complaint and that he will not do so at any time hereafter. Plaintiff further represents that he has the full and exclusive right to pursue the claims

alleged in the Complaint, and that there are no subrogees or other persons with any interest in the claims alleged in the Complaint and/or any other claims related to the aforementioned incident alleged in the Complaint.

SIXTH: Plaintiff represents and agrees that he has thoroughly discussed all aspects of this Settlement Agreement and General Release with his private attorney, that he is fully aware of his right to discuss any and all aspects of this matter with an attorney chosen by him, that he has carefully read and fully understands all of the provisions of this Settlement Agreement and General Release, and that he is voluntarily entering into this Settlement Agreement and General Release.

SEVENTH: As a material inducement to the Defendants to enter into this Settlement Agreement and General Release, Plaintiff hereby irrevocably and unconditionally releases, acquits and forever discharges the United States, the NSA, DHS, and each of its officers, employees, representatives, agents, attorneys, and persons acting by, through, under, or in concert with any of them or any of them (collectively "Releasees"), from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever, known or unknown, suspected or unsuspected ("Claim" or "Claims") which Plaintiff now has, owns, or holds, or claims to have, own, or hold, and of which Plaintiff at any time heretofore had, owned, or held, or claimed to have, own, or hold, arising out of or related to the incident referenced in the Complaint.

EIGHTH: Plaintiff expressly acknowledges that this Settlement Agreement and General Release is intended to include in its effect, without limitation, all Claims which Plaintiff does not know or suspect to exist in his favor at the time of execution hereof, and that this Settlement Agreement

and General Release contemplate the extinguishment of any such Claim or Claims arising out of or related to the incident referenced in the Complaint.

NINTH: As a further material inducement to the United States to enter into this Settlement Agreement and General Release, Plaintiff hereby agrees to indemnify and hold each and all of the Releasees harmless from and against any and all loss, cost, damage, or expense, including, without limitation, attorneys' fees, incurred by Releasees or any of them, arising out of this Settlement Agreement and General Release by virtue of the fact that any representation made herein by Plaintiff was false when made.

TENTH: Plaintiff represents that he has not heretofore assigned or transferred, or purported to assign or transfer to any person or entity, any Claim or any portion thereof or interest therein, and agrees to indemnify, defend and hold the Releasees harmless from and against any and all Claims, based on or arising out of any such assignment or transfer, of any Claims, or any portion or interest therein.

ELEVENTH: Plaintiff represents and acknowledges that in executing this Settlement Agreement and General Release, he does not rely and has not relied upon any representation or statement made by any of the Releasees or by any of the Releasees' agents, representatives or attorneys with regard to the subject matter, basis or effect of this Settlement Agreement and General Release or otherwise. The signatories to this Settlement Agreement further represent that they have the power and authority to enter into the agreement on behalf of their principals.

TWELFTH: This Settlement Agreement and General Release shall be binding upon Plaintiff and upon his heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of Releasees and each of them, and to their heirs, administrators, representatives, executors, successors, and assigns.

THIRTEENTH: This Settlement Agreement and General Release is made and entered into in the State of Maryland, and shall in all respects be interpreted, enforced and governed under the laws of said State, except where federal law is different. The language of all parts of this Settlement Agreement and General Release shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

FOURTEENTH: Should any provision of this Settlement Agreement and General Release be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement and General Release.

FIFTEENTH: This Settlement Agreement and General Release sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof.

SIXTEENTH: The parties agree that the purpose of this Settlement Agreement and General Release is to effect the extinguishment of Claims and the release of the Releasees, as described generally in the foregoing paragraphs and in the Complaint.

SEVENTEENTH: Subject to the terms and conditions herein provided, each of the parties hereto shall use its best efforts to take, or cause to be taken such action, to execute and deliver, or cause to be executed and delivered, such additional documents and instruments, and to do, or cause to be done, all things necessary, proper and advisable under the provisions of this Agreement and under applicable law to consummate and make effective the transactions contemplated by this Agreement.

EIGHTEENTH: The parties agree that this Settlement Agreement and General Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

NINETEENTH: This agreement may be executed in any number of counterparts and by different parties in separate counterparts. Each counterpart when so executed shall be deemed to be an original and all of which together shall constitute one and the same agreement. This Agreement shall be deemed consummated when one or more counterparts have been signed by each of the parties.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

_____
Dan McCall
Plaintiff

Executed this 13th day of February, 2014.


Rod J. Rosenstein
United States Attorney

_____
By: Jason D. Medinger, Assistant United States Attorney

Executed this 18th day of February, 2014.

## STATEMENT OF COUNSEL

The undersigned, who has represented Plaintiff herein, represents that the undersigned has fully advised Plaintiff of the scope and legal effect of each provision contained in this Settlement Agreement and General Release, and represents that Plaintiff has acknowledged to the undersigned that Plaintiff has carefully read and fully understands each of said provisions, and Plaintiff fully understands that this Settlement Agreement and General Release releases all Plaintiff's Claims, both known and unknown, against each and all of the Releasees.

Executed this 14th day of February, 2014.

_____
Paul A. Levy, Esq.
Counsel for Plaintiff

Proposed Letter from NSA

Melanie Sherk, Esquire
Zazzle.com
1900 Seaport Boulevard
Redwood City, California 94063

Dear Ms. Sherk:

In March 2011, the National Security Agency ("NSA") sent Zazzle Inc. ("Zazzle") a cease-and-desist letter, warning that several items posted on Zazzle's website violated Public Law 86-36, codified at 50 U.S.C. § 3613, by displaying the words "National Security Agency," "NSA" and the NSA seal "in a manner reasonably calculated to convey the impression that such use is approved, endorsed, or authorized by the National Security Agency." 50 U.S.C. § 3613(a). A copy of that letter is attached for your reference.

One of the items identified in the March 2011 letter was a mug sold by Liberty Maniacs, a business operated by Mr. Dan McCall. In October 2013, Mr. McCall filed a complaint in the District of Maryland, arguing that the letter relied on an overbroad reading of § 3613. *See* Complaint, *McCall v. NSA*, No. 1:13-03203 (D. Md.) (filed Oct. 29, 2013) ("*McCall Compl.*"). A picture of the mug at issue, the design of which incorporates the NSA seal, can be found on page 2 of that complaint. Mr. McCall's complaint also identified a t-shirt design involving NSA that he began selling via Zazzle in June 2013.

On further review of the mug design and initial review of the t-shirt design cited in Mr. McCall's complaint, NSA hereby rescinds its previous letter and clarifies its construction of § 3613. NSA acknowledges that neither the design by Liberty Maniacs that was identified in the March 2011 letter and cited in paragraph 8 of Mr. McCall's complaint, nor the subsequently posted design set forth in paragraph 9 of Mr. McCall's complaint, violates § 3613. *See McCall Compl.* ¶¶ 8, 9.

Section 3613(a) states that

> [n]o person may, except with the written permission of the Director of the National Security Agency, knowingly use the words "National Security Agency", the initials "NSA", the seal of the National Security Agency, or any colorable imitation of such words, initials, or seal in connection with any merchandise, impersonation, solicitation, or commercial activity in a manner reasonably calculated to convey the impression that such use is approved, endorsed, or authorized by the National Security Agency.

Section 3613 does not prohibit the creation or sale of items intended to parody NSA where no such impression of approval, endorsement or authorization is conveyed, nor does it require the prior approval of the Director of the National Security Agency for the creation or sale of such items.

NSA acknowledges that McCall's designs were intended as parody and should not have been viewed as conveying the impression that the designs were approved, endorsed, or authorized by

Attachment 1

NSA. NSA encourages Zazzle to reexamine the content of its users, including the content identified in the March 2011 letter, in light of this clarification. Where warranted under the law, NSA reserves the right to enforce § 3613 in the future.

Proposed Letter from DHS

Melanie Sherk, Esquire
Zazzle.com
1900 Seaport Boulevard
Redwood City, California 94063

Dear Ms. Sherk:

In August 2011, a DHS staff member sent Zazzle a cease and desist letter, warning that your sale of a series of Tshirts and other paraphernalia bearing designs accessible through the use of specified search terms violated three separate criminal statutes; including one statute, 18 U.S.C. § 506, that makes is a crime to, among other things, "falsely . . . mutilate[] or alter[] the seal of any department or agency of the United States." The letter specifically reminded Zazzle that violation of these statutes could result in a criminal conviction and fines and/or imprisonment. One of the designs that was retrieved by the search terms we specified was a design by Liberty Maniacs, featured an altered seal of the Department of Homeland Security, that appears in ¶ 10 of a lawsuit that Dan McCall has filed in the United States District Court for the District of Maryland.   A copy of that letter is attached for your reference.

In retrospect, the letter was overbroad because neither section 506, nor any of the other statutes we cited, applies to uses of the name, initials or seal of an agency for purposes of commentary about the agency.  Section 506 as quoted above can be narrowly construed in that it applies only when a seal is "falsely" altered or mutilated.  However, because criminal statutes were being invoked, we should have been more specific in identifying the improper uses.

In the future, internal guidelines will be developed to advise our staff when such letters should be transmitted, but for now, we acknowledge that the design by Liberty Maniacs that is set forth in ¶ 10 of Mr. McCall's lawsuit now pending in the United States District Court for the District of Maryland, does not violate any of the statutes cited in the letter.

Attachment 2